# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MILTON NEAL,

    Plaintiff,

v.

JOHN POWELL, et al.,

    Defendants.

Civ. No. 17-4768 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Milton Neal, a state prisoner currently incarcerated at East Jersey State Prison, filed a civil rights complaint arising out of a physical assault by multiple corrections officers that occurred while he was incarcerated at Bayside State Prison. Currently pending before this Court is Defendants' motion to partially dismiss the complaint pursuant to Rule 12(b)(6). For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

## II. BACKGROUND

The Court recites the facts in the light most favorable to Plaintiff. At all times relevant to this matter, Plaintiff was incarcerated at Bayside State Prison ("Bayside") in Leesburg, New Jersey. (*See* ECF No. 1 at p. 3). Plaintiff alleges that on August 14, 2015, without reasonable provocation or justification, Defendant Officers Woolson and Tracey physically assaulted Plaintiff by striking him "across the front of his face with [a] large metal rod-like object, believed to be a lengthy metal flashlight." (*See id.* at p. 4). The blows shattered Plaintiff's front teeth and caused him great pain, injury, fear, and humiliation. (*See id.* at pp. 4-5). Following the assault, Plaintiff alleges he submitted multiple administrative remedy forms seeking redress from the administrators

at Bayside for the violations of his rights. (*See id.* at p. 6). Plaintiff claims the prison administrators denied him relief. (*See id.*).

Plaintiff's complaint alleges that Defendants Officer Woolson, Officer Tracey, and Sergeant Genzlinger violated his federal and state constitutional right to be free from excessive force and cruel and unusual punishment. (*See id.*). Plaintiff also claims the Defendants violated his Fourth Amendment right to privacy. (*See id.* at p. 7). Plaintiff further alleges that Defendant Administrator Powell was deliberately indifferent to his federal and state constitutional rights by failing to train and supervise Bayside's corrections officers against the use of excessive force. (*See id.* at p 8). Plaintiff sues each Defendant in his official and individual capacities. (*See id.* at p. 4). Plaintiff seeks only monetary damages from Defendants. (*See id.* at p. 10).

Defendants now move to partially dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 12). Defendants argue that they are not subject to suit under § 1983 or the New Jersey Civil Rights Act ("NJCRA") in their official capacities. (*See id.* at pp. 4-8). Additionally, Defendants argue that the complaint fails to set forth any facts sufficient to impose supervisory liability against Defendants Genzlinger and Powell. (*See id.* at pp. 8-13). Plaintiff opposes the Defendants' motion, arguing that the complaint sufficiently alleges that Defendant Genzlinger participated in, condoned, and/or acquiesced to the unconstitutional conduct of Defendants Woolson and Tracey. (*See* ECF No. 16 at p. 7). Plaintiff further argues that the complaint states a claim against Defendant Powell for supervisory liability in light of publicly known facts regarding the history of excessive force deployment against inmates at Bayside. (*See id.* at pp. 8-9).

### III. LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

### IV. DISCUSSION

We begin by noting the elements that Plaintiff must plead to state a claim under § 1983 and the NJCRA. Because "[t]his district has repeatedly interpreted [the] NJCRA analogously to § 1983," this Court treats the § 1983 and NJCRA claims together. *Pettit v. New Jersey*, No. 09-3735, 2011 WL 1325614, at *3 (D.N.J. Mar. 30, 2011). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity Claims

Defendants first argue that all claims against them in their official capacities should be dismissed because they are not "persons" amenable to suit under 42 U.S.C. § 1983 or the NJCRA. (*See* ECF No. 12 at pp. 6-8). The Supreme Court has held that "[n]either a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *see also Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014) ("New Jersey district courts have interpreted the NJCRA as having incorporated the Supreme Court's decision in *Will* that, for purposes of § 1983, states and state officials acting in their official capacity are not amenable to suit."). While state officials sued in their official capacity are not "persons" subject to a suit for monetary damages under § 1983, a state official sued in his individual capacity is a "person" subject to suit under § 1983. *See Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985).

Plaintiff's § 1983 claims are asserted against Defendants in their individual and official capacities for damages. Based on the clearly established case law, Defendants, in their official capacities, are not "persons" within the meaning of § 1983 and the NJCRA. Accordingly, Defendants' motion to dismiss will be granted with respect to the claims against them in their official capacities.

### B. Claims against Defendant Genzlinger

Defendants further argue that all claims against Defendant Genzlinger in his individual capacity should be dismissed because Plaintiff has not alleged that Defendant Genzlinger was personally involved in the assault on Plaintiff. (*See* ECF No. 12 at pp. 8-10). Plaintiff argues that

4

he has stated a cognizable claim against Defendant Genzlinger as the complaint alleges that Defendant Genzlinger "participated in, condoned, and/or acquiesced to the unconstitutional conduct of Defendants Woolson and Tracey." (*See* ECF No. 16 at p. 7). In the alternative, Plaintiff seeks leave to amend his complaint to allege additional facts showing Defendant Genzlinger's participation in the assault. (*See id.* at p. 5).

It is well settled in the Third Circuit that, for a § 1983 claim to be adequately pled, the complaint's allegations must show that each named defendant was personally involved in the alleged constitutional deprivations. *See Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible."). As the court stated in *Rode v. Dellarciprete*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs …. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, *must be made with appropriate particularity*.

845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted) (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face).

Here, Plaintiff has failed to allege any facts indicating that Defendant Genzlinger had personal involvement in the assault on Plaintiff. Plaintiff's only mention of Defendant Genzlinger in the complaint is the generalized allegation that "Defendant Genzlinger participated in, condoned, and/or acquiesced to the unconstitutional conduct of Defendants Woolson and Tracey." (*See* ECF No. 1 at p. 3). This formulaic recitation does not meet the requisite level of particularity

5

of personal engagement and involvement necessary to assert a § 1983 claim. Accordingly, this Court will dismiss Plaintiff's claims against Defendant Genzlinger in his individual capacity. Plaintiff may move to amend the complaint in accordance with Federal Rule of Civil Procedure 15 to the extent that he can plead with particularity the personal involvement of Defendant Genzlinger. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## C. Supervisory Liability Claim against Defendant Powell

Defendants seek dismissal of Plaintiff's claim against Defendant Administrator Powell based on supervisory liability. *Respondeat superior* is not a basis for § 1983 liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). As such, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009) (indicating that section 1983 plaintiff could not maintain claim against individual defendant unless said defendant was personally involved in actions causing the claim); *Rode*, 845 F.2d at 1207 (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*").

In *Barkes v. First Correctional Medical, Inc.*, the Third Circuit outlined "two general ways" in which a supervisory defendant may be liable under the Eighth Amendment: (1) where the supervisor established a policy, custom, or practice that caused the harm; or (2) where the supervisor personally participated in the constitutional violation. 766 F.3d 307, 316-19 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042, 2043 (2015).

> First, liability may attach if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a

6

> supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)). "Failure to" claims – failure to train, failure to discipline, or, as in the case here, failure to supervise – are generally considered a subcategory of policy or practice liability.

*Barkes*, 766 F.3d at 316-17.

The allegations in Plaintiff's complaint relate to Defendants Powell's alleged failures to train and supervise, and thus implicate the first type of supervisory liability. The Third Circuit in *Barkes* reaffirmed its four-part standard, established in *Sample v. Diecks*, for determining whether an official may be held liable on a § 1983 Eighth Amendment claim for implementing deficient policies. *See id.* at 330. Under *Sample*,

> [t]o hold a supervisor liable for such an Eighth Amendment violation, the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure.

*Id.* (citing *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)). As explained in *Barkes*, "[t]he essence of the type of claim [the Court] approved in *Sample* is that a state official, by virtue of his or her own deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment where there is an unreasonable risk that a constitutional injury will occur, and that such an injury does occur." 766 F.3d at 319-20. As such, deliberate indifference in the supervisory context may be demonstrated by: "(i) showing that a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff['s] *or* (ii) by showing that the risk of constitutionally cognizable harm was 'so great and so obvious that the

7

risk and the failure of supervisory officials to respond will alone' support the finding that the two-part test is met." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 136-37 (2001) (emphasis added) (citing *Sample*, 885 F.2d at 1099).

Failure to train, discipline, and supervise are assessed under the same deliberate indifference standard as the failure to promulgate adequate policies. *See Christopher v. Nestlerode*, 240 F. App'x 481, 489 n.6 (3d Cir. 2007). To establish deliberate indifference for failure to train, a plaintiff must show that policymakers were on actual or constructive notice that flaws in their training or supervision caused subordinate officials to violate citizens' constitutional rights, and such notice generally requires contemporaneous knowledge of an incident or knowledge of a prior pattern of similar incidents and circumstances. *See id.* "A single constitutional violation can still provide the basis for municipal liability for failure to train, *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 407-09 (1997), but only where 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights' that the policymaker's inaction amounts to deliberate indifference." *Christopher*, 240 F. App'x at 489-90 (citing *Canton v. Harris*, 489 U.S. 378, 391 (1989)); *see also Womack v. Moleins*, No. 10-2932, 2015 WL 420161, at *5 (D.N.J. Jan. 30, 2015) (same).

Here, the Court finds that Plaintiff has sufficiently alleged a supervisory liability claim against Defendant Powell. Plaintiff's complaint alleges that Defendant Powell failed to train and supervise the corrections officers at Bayside regarding the use of excessive force against inmates, specifically "the imperative of avoiding infliction of blows to the face and head by heavy metal objects." (See ECF No. 1 at p. 8). Under the first factor of the *Sample* standard, Plaintiff has sufficiently described the deficient training policy at issue. Additionally, Plaintiff has alleged that

the deficient policy caused his harm as he claims he was assaulted by two corrections officers who used excessive force by striking him in the face and head with a large metal flashlight.

At this early stage, Plaintiff has pled enough facts to suggest that Defendant Powell had actual knowledge of and was deliberately indifferent to the risk posed by the alleged deficient policy. Plaintiff's complaint alleges that there has been a documented history of the deployment of excessive force by corrections officers at Bayside. (See ECF No. 1 at p. 8). Plaintiff claims that this history appears in recent district court decisions and ongoing reports of inmates suffering serious injuries from encounters with corrections officers. (See id.). Plaintiff alleges that Defendant Powell had knowledge of this history of excessive force by corrections officers at Bayside. *See Farmer*, 511 U.S. at 842-43 (explaining that actual knowledge may be inferred where "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past"). Plaintiff further alleges that Defendant Powell's failure to provide training and supervision concerning the use of excessive force, despite his knowledge of this documented history, demonstrates his deliberate indifference. Accordingly, Defendants' motion to dismiss is denied as to the supervisory liability claim against Defendant Powell in his individual capacity.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to partially dismiss the complaint is granted in part and denied in part. Plaintiff's claims against all Defendants in their official capacities are dismissed. Additionally, Plaintiff's claims against Defendant Genzlinger in his individual capacity

are dismissed without prejudice.  The remaining portions of Defendants' motion to dismiss are denied.  An appropriate Order follows.


DATED: June 4 , 2018                                       s/Robert B. Kugler
                                                                                       ROBERT B. KUGLER
                                                                                       United States District Judge